UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MABLE A. GAINES )
    2508 Darel Drive )
    Apartment 202 )
    Suitland, MD 20746 )
)
        Plaintiff, )
)
        v. ) Civil Action No.
)
TIMOTHY F. GEITHNER, )
    Secretary of the Treasury )
    U.S. Department of the Treasury )
    1500 Pennsylvania Avenue, N.W. )
    Washington, D.C. 20220, )
)
        Defendant. )
_____ )

## COMPLAINT
(Employment Discrimination and Retaliation)

### Introduction

1. Plaintiff Mable A. Gaines bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e *et seq.*, and as further amended by section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to remedy acts of discrimination and retaliation perpetrated against her in her employment with the Internal Revenue Service, a unit with the U.S. Department of the Treasury. Plaintiff contends that Defendant, the Secretary of the Treasury, discriminated against her through subordinate management at the Internal Revenue Service by terminating her employment on October 23, 2009. Ms Gaines filed a timely administrative complaint regarding her termination and on March 26, 2010 Defendant entered a Final Agency Decision, which was received on or about April 1, 2010.

## Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, specifically 42 U.S.C. §§ 2000e-16(c), Ms. Gaines having exhausted her available administrative remedies by virtue of the fact that she lodged a formal administrative EEO complaint alleging, and 30 days or less have elapsed since a final decision of the Department of Treasury on this administrative EEO complaint.

## Venue

3. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) as Plaintiff's position of employment was in this district, the decision to discriminate and retaliate against her were made in this district, and the personnel records pertaining to Plaintiff are maintained in this district.

## Parties

4. Plaintiff Mable A. Gains is an African American female citizen of the United States and of the state of Maryland. Plaintiff was employed by the Internal Revenue Service at all times relevant to the allegations contained in this Complaint. Since July 2008, she has been medically unable to work. By a letter dated October 23, 2009, Karen Becton-Johnson the Director, of the IRS Media and Publications Division, Wage and Investment informed Ms. Gaines that she was being removed from her position of employment with the Internal Revenue Service effective October 23, 2009.

5. Defendant Timothy F. Geithner is the Secretary of the Treasury. As such he heads the Department of the Treasury, an Executive agency of the Government of the United States which has employed more than 600 persons in each of the 20 months preceding the filing of this

complaint. The Internal Revenue Service (IRS), wherein Plaintiff was employed at all times relevant to the allegations contained in this complaint, is a branch of the Department of Treasury. As Secretary of the Treasury, Mr. Geithner is responsible for the personnel actions, omissions and practices at the Internal Revenue Service (IRS). He is here sued only in his official capacity as Secretary of Treasury.

## Statement of Facts

6.  Ms. Gaines has been a Federal civil servant at the IRS since June 1981. She has been disabled to work due to an assault by a manager in December 2004 in the workplace. She returned to work in following the assault in June 2007, in a part time, limited position. However, she was unable to continue and since July 2008 she has been unable to work due to her disability.

7.  After years of disparate treatment based on their race, Ms. Gaines, along with several of her African American colleagues at the Internal Revenue Service, initiated a lawsuit against the Treasury Department based on Title VII of the Civil Rights Act of 1964, as amended, after having exhausted their available administrative remedies under the law. This civil action, *Euel L. Mason, et al. v. John W. Snow, Secretary of the Treasury*, Civil Action No. 03-1730 CKK/AK (D.D.C.), was filed in this Court in 2003, and in it, Plaintiffs alleged that the IRS had for years treated African-American employees differently and less favorably than white employees, based upon their race, by hiring African American employees at lower grades, awarding them fewer promotions and at slower rate when compared to similarly situated white employees. Plaintiffs in that civil action further alleged that the IRS favored white employees over African-Americans in training and assignments, and in awards and performance appraisals, and that whites were received fewer and less severe disciplinary actions than did African

3

Americans for the same or similar transgressions. On May 1, 2006, the Court approved a settlement that required the IRS to pay hundreds of thousands of dollars in damages to Plaintiffs and to promote several of the Plaintiffs, including Ms. Gaines who received a promotion to the GS-13 level.

8. IRS management resented the litigation and the African Americans who pursued it to settlement, among them, Ms. Gaines.

9. Both before and after Civil Action No. 03-1730 CKK/AK (D.D.C.) was settled, Ms. Gaines was employed in IRS's Services and Enforcement Organization, Wage and Investment Division, Media and Publications Division, the IRS organization involved in that civil action. After the settlement, Ms. Gaines served as a Tax Analyst GS-0501-13, in the IRS New Carrollton Federal Building (NCFB) located in Lanham, MD.

10. At the time of the settlement of Civil Action No. 03-1730 CKK/AK (D.D.C.), Gaines began suffering incidents of the job harassment, discrimination and retaliation for her participation in that successful EEO litigation, particularly a failure to accommodate her work-related disabilities, failure to allow her to participate in the alternative work place program and failure to allow her to participate in the agency leave sharing/leave bank program. Based upon these actions, Ms. Gaines became a plaintiff in Civil Action No. 09-0884 (CKK) which is currently pending in this Court.

11. Ms. Gaines has suffered unlawful retaliation and abuse due to her involvement with protected activity in the previous suit. These unlawful acts of mistreatment created a hostile work environment for Ms. Gaines and included a proposed 14-day suspension and imposed a 10-days suspension without pay from April 20, 2009 to April 29, 2009 from employment with the

Internal Revenue Service (IRS) without just cause. Most recently, by a letter dated October 23, 2009, Karen Becton-Johnson the Director, of the IRS Media and Publications Division, Wage and Investment informed Ms. Gaines that she was being removed from her position of employment with the Internal Revenue Service effective October 23, 2009.

### Statement of Claim

12. By terminating Gaines's employment, Defendant has discriminated against Ms. Gaines in retaliation for her prior protected civil rights activity, specifically, her participation in the successful litigation of Civil Action No. 03-1730 CKK/AK (D.D.C.), in violation of Title VII of the Civil Rights Act.

13. As a result of this unlawful retaliation, Ms. Gaines has suffered and continues to suffer a loss of pay, severe curtailment of career opportunities and career damage, loss of her career as a Federal employee despite her 28-year record of exemplary performance, personal and professional humiliation, as well as emotional pain and suffering, personal and professional humiliation, as well as emotional pain and suffering.

### Prayer for Relief

WHEREFORE, Plaintiff pray that this Court enter judgment in their favor and against Defendant on all claims brought herein and provide them with the following relief:

a. award plaintiff compensatory damages against Defendant in the amount of $300,000, plus interest;

5

  b. order Defendant to retroactively reinstate plaintiff with full back pay and all the benefits of employment and to void any and all documentation related to her unlawful termination on October 23, 2009;

  c. order Defendant to retroactively provide Plaintiff with such bonuses and performance awards to which she would have otherwise been eligible absent defendant's unlawful retaliation against her, and provide Plaintiff with back pay for such bonuses and awards, plus interest thereon;

  d. order Defendant to void *ab initio* any and all disciplinary actions taken against Plaintiff;

  e. order Defendant to correct all records, including, without limitation, Plaintiffs' Official Personnel File to accord with the relief ordered by the Court;

  f. enjoin Defendant from discriminating or retaliating against Plaintiff in the future;

  g. award Plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k); and

  h. award Plaintiff such other and further relief as the interests of justice may require.

## Jury Demand

Plaintiff hereby request a trial by jury on all issues of fact, including the measure of damages.

Respectfully submitted,

/s/ Richard L. Swick

Richard L. Swick
D.C. Bar # 936903
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W., Suite 1290
Washington, D.C.  20005
Tel. (202) 842-0300 Fax (202) 842-1418
Email - rlswick@swickandshapiro.com

Attorneys for Plaintiff